**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CIVIL DIVISION**

**CASE NO.**


**UNITED STATES OF AMERICA,**

      **Petitioner,**

**vs.**

**LI YUN CHEN,**

      **Respondent.**
_____/


## PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

The United States of America, by and through the undersigned Assistant United States Attorney, avers to this Court as follows:

JURISDICTION AND VENUE

1.   This proceeding for enforcement of an Internal Revenue Service summons is brought pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1986 (26 U.S.C. §§ 7402(b) and 7604(a)).

2.   This Court has jurisdiction of this action pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. §§ 1340 and 1345.

3.     C.D. Bailey[1] is a revenue officer employed in the Small Business\Self-Employed Division, Area 3, Territory 3 of the Internal Revenue Service in Plantation, Florida.

4.     The Respondent, Li Yun Chen, can be found at 15341 S.W. 39th Terrace, Miami, Florida, which is within the jurisdiction of this Court.

SUMMONS ENFORCEMENT

5.     Revenue Officer C.D. Bailey is conducting an investigation for the purpose of determining the current financial status of Respondent in connection with the collection of outstanding Federal income tax liabilities (Form 1040) for the periods ended December 31, 2003, December 31, 2004, December 31, 2005, and December 31, 2006, as is set forth in the declaration of Revenue Officer C.D. Bailey attached hereto and incorporated herein by reference as Exhibit "A".

6.     Additional information for the period beginning December 1, 2008 to June 15, 2009, is also requested in order to determine the current financial status of Respondent for the taxable years ending December 31, 2003, December 31, 2004, December 31, 2005, and December 31, 2006.

---

[1] The name C.D. Bailey is a pseudonym, authorized by employment agreements with, and the internal policies of, the Internal Revenue Service to protect personnel, and is registered with the Internal Revenue Service. A Memorandum of Authority in Support of Internal Revenue Service Employees Using Pseudonyms is being filed simultaneously.

7.   As part of the investigation on June 19, 2009, Revenue Officer C.D. Bailey issued an Internal Revenue Service summons (Form 6637) to Respondent directing her to appear before the Revenue Officer and/or his designee on June 29, 2009, to give testimony and to produce for examination certain books, records, papers or other data, as described in said summons.

8.   As a revenue officer, C.D. Bailey is authorized to issue Internal Revenue Service summonses pursuant to the authority contained in 26 U.S.C. § 7602.

9.   On June 19, 2009, Revenue Officer C.D. Bailey left an attested copy of the summons with Liu De Huang, Respondent's husband at the last and usual place of abode of the Respondent.

10.  A copy of the summons is attached to the revenue officer's declaration as Exhibit A-1 and incorporated herein by this reference.

11.  On June 29, 2009, the Respondent did not appear and has not complied with the summons.

12.  On August 31, 2009, Counsel for the Internal Revenue Service sent a letter to the Respondent directing her to appear on September 18, 2009.

13.  On September 18, 2009, the Respondent did not appear and has not otherwise complied with the summons.

14.   Information, books, records, papers, and other data, which may be relevant and material to the investigation, are in the possession, custody or control of the Respondent.

15.   The books, papers, records, or other data sought by the summons are not already in possession of the Internal Revenue Service.

16.   It is necessary and relevant to obtain the testimony and to examine the books, records, papers, or other data sought by the summons for the purpose of determining the current financial status of Respondent in connection with the collection of outstanding Federal income tax liabilities (Form 1040) for the periods ended December 31, 2003, December 31, 2004, December 31, 2005, December 31, 2006.

17.   A Justice Department referral, as defined by Section 7602(d)(2) of the Internal Revenue Code of 1986 (26 U.S.C. § 7602(d)(2)), is not in effect with respect to Respondent for the tax years under investigation.

18.   All administrative steps as required by the Internal Revenue Code for the issuance of the summons have been followed.

WHEREFORE, the Petitioner respectfully prays:

1.   That this Court enter an order directing Respondent, Li Yun Chen, to show cause, if any, why she should not comply with,

and obey, the aforementioned summons in each and every requirement thereof;

2.   That the Court enter an order directing Respondent, Li Yun Chen, to obey the aforementioned summons and each and every requirement thereof by ordering the attendance, testimony, and production of the books, papers, records, or other data as is required and called for by the terms of the summons before Revenue Officer C.D. Bailey or any other proper officer or employee of the Internal Revenue Service;

3.   That this Court further order that petitioner be given thirty days (30) from the date of the Order within which to serve respondent with the same;

4.   That the United States recover its costs in maintaining this action; and

5.   That this Court grants such other and further relief as is just and proper.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY
s/ Anthony Pogorzelski
ANTHONY POGORZELSKI
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9296
Fax: (305) 530-7139
Fla. Bar 619884
anthony.pogorzelski@usdoj.gov